### CORNELIUS SULLIVAN *vs.* WAMSUTTA MILLS.

Bristol.    October 27, 1891. — January 6, 1892.

Present: ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Personal Injuries — Master and Servant — Defective Machine.*

In an action at common law for personal injuries received by the plaintiff while at work for the defendant upon a mule spinning-machine alleged to be defective for want of a catch to hold the belt shipper, there was evidence that at the time of the accident the machine was in charge of a machinist sent by a machine company to repair it, and the plaintiff was detailed to assist him; that in so doing the plaintiff stood between the roller beam and the carriage, which was drawn out and at rest; that the belt was still on the drawing-out pulley and the spindles were revolving; that the machinist had occasion to stop the spindles, and took hold of the shipper to throw the belt on to the loose pulley, but his hand was greasy, and the shipper slipped from it and carried the belt beyond the loose pulley on to the drawing-in pulley; that thereupon the carriage was drawn in and the plaintiff injured; and that a catch previously provided to hold the shipper after the belt was thrown had disappeared. *Held,* that the absence of the catch did not contribute in any way to cause the accident, and that the plaintiff was not entitled to go to the jury.

TORT for personal injuries occasioned to the plaintiff while employed by the defendant in its mills. The declaration was at common law, and alleged, among other things, that the accident was due to the defendant's employing incompetent servants,

and to its suffering a mule spinning-machine to be defective and dangerous by reason of the want of a catch or hook to secure the shipper by which the belt operating the machine was guided.

At the trial in the Superior Court, before *Mason*, C. J., there was evidence tending to prove the following facts. The plaintiff had been in the defendant's employ for many years, and was a " mule fixer," and familiar with the machine in question, which consisted in part of a roller beam and carriage and spindles. At the time of the accident the machine was in the charge of one Swain, who had been sent by the Mason Machine Company to repair this and other mule spinning-machines for the defendant. The plaintiff had been directed, with others, by the defendant's overseer, to assist Swain, and was engaged in hanging weights on the machine to enable Swain to start and test it. The machine had three pulleys, the " drawing-out " pulley, to draw the carriage away from the roller beam, the " drawing-in " pulley, to draw the carriage towards the roller beam, and between them a loose pulley, upon which the belt ran while the machine was at rest. A " ball " or shipper served to throw the belt from one pulley to another. Immediately before the accident, the plaintiff, in assisting Swain, was standing between the roller beam and the carriage, which was drawn out and at rest, and the belt was on the " drawing-out " pulley and the spindles were running. Swain had occasion to stop the spindles, and for that purpose took hold of the shipper so as to throw the belt on to the loose pulley. After he had moved the shipper it slipped from his hand, which was greasy, and the belt was thrown beyond the loose pulley on to the " drawing-in " pulley. The carriage thereupon was drawn in towards the roller beam, and the plaintiff was caught and injured.

There was also evidence that at some previous time the machine had been furnished with a hook or catch, by which the shipper, after throwing the belt upon the loose pulley, could be fastened, and the belt kept on that pulley in case the machine was stopped for cleaning or any other purpose, but there was no such hook or catch on the machine when the plaintiff was injured.

The judge ruled that the plaintiff could not maintain the

action, and ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*P. J. Hoar,* for the plaintiff.

*E. D. Stetson,* (*L. LeB. Holmes* with him,) for the defendant.

MORTON, J. This is an action at common law, and not under the employers' liability act. The accident was due primarily to one Swain, a servant. There was no evidence tending to show that he was incompetent, and the plaintiff has not argued that there was. If we assume that Swain was in the employ of the defendant, then the accident was due to the negligence of a fellow servant. If he was not in the employ of the defendant, then he was in the employ of the Mason Machine Company, and for that reason the defendant is not liable. The plaintiff contends, however, that the machine on which he was working was defective for want of a catch or hook to hold the " ball " or shipper, and that the accident was due to that fact. Even if we assume that, under the circumstances disclosed in evidence, the defendant was liable to the plaintiff for an accident occurring from a defect in the machine on which he was working, it is difficult to understand how the accident was due to any defect in the machinery. Swain lifted the shipper to stop the machine; it slipped from his hand, which was greasy, and threw the belt on to the drawing-in pulley, and caused the injury to the plaintiff. If there had been a catch, — and the absence of one is the only defect suggested, — it is impossible to see what good it would have done. It would not have rendered it unnecessary for Swain to take hold of the shipper, or have prevented the shipper from slipping out of his hand, and it was that which caused the accident.

*Exceptions overruled.*